## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

GREAT AMERICAN ASSURANCE
COMPANY, a foreign corporation,

      Plaintiff,

v.                                      Case No. 3:16-cv-372-J-32JBT

RIDE SOLUTIONS, INC. and JUSTIN
WILLIAMSON,

        Defendants/Third Party
           Plaintiff

BROWN AND RIDING
INSURANCE SERVICES, INC.
      Third Party Defendant

_____

# O R D E R

    This third party insurance coverage dispute is before the Court on Third Party

Defendant Brown & Riding Insurance Services, Inc.'s ("B&R") Motion to Dismiss or

Stay Third Party Plaintiff's Third Party Complaint (Docs. 20, 33), to which Third Party

Plaintiff Justin Williamson responded (Doc. 21), and to which B&R replied (Doc. 25).[1]

## I.    BACKGROUND

    On September 9, 2014, Williamson, a driver for Defendant Ride Solutions, Inc.,

suffered various injuries when a St. Johns County School District bus struck his

_____

    [1] The operative Third Party Complaint was filed on October 4, 2016 (Doc. 36). As the parties confirmed in their joint notice (Doc. 43), it has not changed from the previous third party complaints filed at Docs. 15 and 30. Therefore, B&R's original motion to dismiss (Doc. 20), which it adopted in its second motion to dismiss (Doc. 33), Williamson's response (Doc. 21), and B&R's reply (Doc. 25) are ripe for review.

vehicle. (Doc. 29 ¶ 18). Ride Solutions is a member of a not-for-profit self-insurance fund called Florida Insurance Trust ("FIT"), which pools and spreads the liabilities of its group members. (Doc. 21 at 2). FIT does not provide direct sales, but instead uses independent agents. (Id.). B&R is the independent agent responsible for procuring insurance coverage for Ride Solutions. After the accident, Williamson made a claim for uninsured motorist coverage under a Great American Alliance Insurance Company policy issued to Ride Solutions, which provided coverage from June 1, 2013 to June 1, 2014. (Doc. 29-1).

Great American denied Williamson's claim, alleging that the policy lapsed prior to his accident and the subsequent extension policy excluded his accident as a known loss. Thereafter, Great American filed this declaratory judgment action, alleging that it offered to extend its policy for an additional thirty days from August 30, 2014 twice, but that B&R failed to respond to the offers. (Doc. 29 ¶¶ 13-16). Williamson filed a third party complaint against B&R for negligence and breach of fiduciary duty relating to its discussions with Great American regarding the policy extensions. (Doc. 36). Now, B&R moves to dismiss the third party complaint on the grounds that it is premature and fails to state a cause of action in Count II (breach of fiduciary duty). (Doc. 20).

## II.   STANDARD OF REVIEW

When reviewing a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court must view the allegations in the light most favorable to the plaintiff and accept the allegations of the complaint as true. Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010). To avoid dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its

face" and "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (alteration in original) (citations and quotation marks omitted).

## III.  ANALYSIS

B&R moves to dismiss (or stay) Williamson's third party complaint as premature because the Court has not yet ruled on the underlying declaratory judgment action and decided whether Great American owes Ride Solutions coverage. (Doc. 20 at 7). Further, the Court has yet to determine whether Williamson is entitled to coverage under the uninsured/underinsured motorist provision of the Great American policy. If the Court decides that Great American owes Williamson coverage, then he would have no claims against insurance agent B&R.

"Under Florida law, an insured's cause of action against an agent for negligence does not accrue until the proceedings against the insurer are final." <u>Looney v. Protective Life Ins. Co.</u>, No. 8:07-CV-1020T-17TBM, 2007 WL 2669190, at *4 (M.D. Fla. Sept. 6, 2007) (citing <u>Blumberg v. USAA Casualty Ins. Co.</u>, 790 So. 2d 1061 (Fla. 2001)). "The theory is that an insured claiming that he is entitled to insurance coverage is judicially estopped from simultaneously claiming a lack of coverage against

the agent that procured the policy on his behalf." <u>Pebb Cleveland, LLC v. Fireman's Fund Ins. Co.</u>, No. 14-81496-CIV, 2015 WL 328247, at *2 (S.D. Fla. Jan. 23, 2015).

Here, Williamson alleges in his Counterclaim to the underlying action that he is entitled to coverage under the Great American policy. (Doc. 36 at 8-11 ¶¶ 1-21). If he is successful, then he is covered under the policy and will have suffered no damages due to any alleged negligence of B&R. Conversely, if he loses the case against Great American, then he will have suffered damages and may file a lawsuit against B&R.

Although Williamson claims to have already suffered damages in the form of having to defend against Great American's declaratory judgment action (Doc. 21 at 5), he cites no case law supporting this proposition. <u>See</u> <u>Looney</u>, 2007 WL 2669190 at 4 ("Plaintiff has not incurred damages until the breach of contract suit with Protective Life is settled. . . . If she is not awarded the $500,000.00, then she has suffered damages and may, at that time, initiate action against the agent."). In addition, he provides no support for the proposition that the alleged inextricable nature of the claims in the main and third party actions mandates that B&R's motion be denied.[2] (<u>Id.</u> at 5-7). Finally, although Williamson contends that a dismissal or stay would risk inconsistent verdicts, other courts faced with similar arguments have found otherwise.

---

[2] Williamson cites a case in the Commercial Division of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, <u>SW Global Inc. v. Pacific Ins. Co., Ltd., et. al.</u>, Case No. 10-39671 CA 07, in which he argues that the trial court faced the identical issues as those present in this case and denied the motion to dismiss or stay. (Doc. 21 at 7). However, the judge in that case simply denied the motion in a one-word order, with no analysis of the ruling. (Doc. 21-5). The Court gives little to no weight to <u>SW Global</u>, in light of the complete lack of analysis, as well as the persuasive authority presented by B&R.

See Looney, 2007 WL 2669190, at *4 ("[Plaintiff] raises a valid concern regarding the possibility of inconsistent decisions between separate juries. However, as in Blumberg, Plaintiff cannot make a claim for the negligence of her agent in allowing a contract to lapse while simultaneously claiming she is covered under that contract."). "When the mere passage of time is insufficient to cure the premature element of the action, as in this case, dismissal without prejudice is appropriate."[3] Fourth Tee, LLC v. Axis Surplus Ins. Co., No. 8:12-CV-1249-T-17TGW, 2013 WL 593951, at *2 (M.D. Fla. Feb. 15, 2013).

Accordingly, it is hereby

**ORDERED:**

1.     Third Party Defendant Brown & Riding Insurance Services, Inc.'s ("B&R") Motion to Dismiss or Stay Third Party Plaintiff's Third Party Complaint (Docs. 20, 33) is **GRANTED** to the extent stated herein.

2.     Third Party Plaintiff Williamson's Third Party Complaint (Doc. 36) is **DISMISSED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida the 9th day of January, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

sj

---

[3] Because the Court finds that dismissal without prejudice is appropriate, it will defer ruling on whether Williamson has stated a viable claim for breach of fiduciary duty against B&R.

Copies:

Counsel of record