## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

GREAT AMERICAN ASSURANCE COMPANY,
a foreign corporation, et al,

        Plaintiffs,                    CASE NO: 3:16-cv-372-J-32JBT

vs.

RIDE SOLUTION, INC., et al.

        Defendants.

_____

### GREAT AMERICAN ALLIANCE INSURANCE COMPANY'S
### MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24(a), Great American Alliance Insurance Company ("Alliance") moves to intervene in this action as a Plaintiff, as a matter of right, and in support states:

### BACKGROUND

Great American Alliance Insurance Company entered into an insurance contract with the Florida Insurance Trust, Policy No. CAP 051-87-32-01 for the policy period of June 1, 2013 to June 1, 2014.  By endorsement, Ride Solution was a Named Insured.  A copy of Policy No. CAP 051-87-32-01 is attached as Exhibit "A." Prior to when Alliance's policy was scheduled to renew, Alliance informed Brown & Riding that it no longer wanted to insure Ride Solution. Brown & Riding subsequently asked if additional time could be provided while Brown & Riding attempted to find coverage from another carrier.   Alliance declined to provide Ride Solution with an extension but on April 29, 2014, one of Assurance's underwriters provided Ryan Herrington of Brown & Riding with a quote that said it was for the policy period of June 1, 2014, to August 30, 2014, (the "90 day policy"), listed Assurance as the carrier and said the policy

would have a premium of $9,273.  Attached as Composite Exhibit "B" is a copy of the email from Leah Miller to R. Herrington, and  Assurance's commercial automobile proposal.  Instead of providing Ride Solution or Willis of Florida ("Willis"), who is Ride Solution's retail agent, with Assurance's quote, NPIS provided Willis with a quote Peter Herron-Brown of NPIS prepared.  *See* the May 27, 2014, Proposal Prepared By P. Herron-Brown, attached as Exhibit "C." NPIS's quote erroneously listed the carrier as Alliance, incorrectly said the policy period was June 1, 2014 to June 1, 2015 and incorrectly stated the premium was $129,641.67.  *See* Exhibit C. Peter Herron-Brown subsequently created a fake binder and fake declaration page that falsely represented Alliance agreed to provide coverage for the time period of June 1, 2014, to June 1, 2015.  *See* Peter Herron-Brown's fake binder and fake declaration page, attached as Exhibits "D" and "E."  As a result of the fake quote, binder and declaration page Peter Herron-Brown of NPIS prepared, Ride Solution believed Alliance agreed to insure Ride Solution for the policy period of June 1, 2014, to June 1, 2015.  Moreover, after Justin Williamson's accident Peter Herron-Brown certified that the fake declaration page he created was true and correct and provided it to Justin Williamson's counsel, once again falsely representing that Alliance would provide coverage.  *See* Peter Herron-Brown's October 6, 2014, letter to Justin Williamson's counsel, attached as Exhibit "F" and the fake declaration page Peter Herron-Brown certified, attached as Exhibit "G."

Prior to the Court's hearing on the dispositive motions filed by Assurance and Justin Williamson, Assurance had litigated on its own behalf and on Alliance's behalf that neither carrier had a duty to provide coverage to Justin Williamson.  However, Ride Solution's response to Assurance's dispositive motion asserted Assurance lacked standing to litigate on Alliance's behalf.

2

Following the Court's April 16, 2018, Order allowing Assurance to amend its complaint to add certain parties as defendants and because the parties being added may have been responsible for NPIS erroneously naming Alliance as the carrier, Assurance's Second Amended Complaint added Alliance as a plaintiff.  Certain of the defendants objected and moved to dismiss that amended complaint on that and other grounds claiming that Assurance did not have the Court's permission to add Alliance as a plaintiff to the present action.  Those motions are still pending.

In order to avoid having to file a file a separate lawsuit, which could result in inconsistent verdicts and would waste judicial resources, and also out of an abundance of caution because the statute of limitations against NPIS, Ballator and Brown & Riding may run on October 20, 2018, Alliance now seeks to intervene in this action in order to obtain a declaration that it has no duty to provide Justin Williamson with coverage and to seek damages from certain defendants.  If the Court denies the pending motions to dismiss, Alliance's Motion to Intervene will be moot.

Since Alliance's interests are aligned with Assurance's, Alliance would litigate in this action as a plaintiff.  Alliance's proposed complaint would be the Second Amended Complaint that is currently pending before this Court with the exception that Assurance and Alliance agree to the dismissal of the Count Six, which lists the Wrongful Act Doctrine as a separate cause of action.  Assurance and Alliance would instead seek those damages as part of their relief under what is currently labeled as Count Seven.  A copy of the proposed Third Amended Complaint without its exhibits is attached as Exhibit "H."  The Third Amended Complaint's exhibits are the same exhibits attached to the Second Amended Complaint but will be filed with the Third Amended Complaint if the Court grants this Motion.  None of the current parties will be

302360321V1 0964951

prejudiced if Alliance intervenes as a plaintiff because no parties have engaged in any discovery since NPIS, Ballator and Brown & Riding were added to the litigation and the arguments made by Alliance are virtually identical those made by Assurance. Moreover, adding Alliance as a plaintiff will not delay the litigation because NPIS, Ballator, Brown & Riding and Ride Solution have not even answered the pending operative complaint.

**ARGUMENT AND CITATION OF AUTHORITY**

**A.     Alliance is entitled to Intervene as a Matter of Right**

Intervention as a matter of right is governed by Fed. R. Civ. P. 24 (a), which provides, in pertinent part, as follows:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"In this circuit, a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." *Conservancy of Southwest Fla. v. United States Fish & Wildlife Serv.*, Case No. 2:10-cv-106-FtM-SPC, 2010 U.S. Dist. LEXIS 80274, *4-5 (M.D. Fla. 2010) (quoting *TIG Specialty Ins. Co. v. Financial Web.com, Inc.*, 208 F.R.D. 336, 337 (M.D. Fla. 2002)). "If each of these four requirements are met, the court must allow the party to intervene in the action." *Conservancy of Southwest Fla.,* 2010 U.S. Dist. LEXIS 80274 at *5 (citing *TIG Specialty Ins. Co.*, 208 F.R.D. at 337). Once a party "establishes all the prerequisites

4

to intervention, the district court has no discretion to deny the motion." *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996).

### i.   The Application For Intervention Is Timely

Rule 24 does not specify when a motion to intervene must be brought by. "'[T]imeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice.'" *Chiles*, 865 F.2d at 1213 (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)). "Generally Courts consider four factors in making a determination of timeliness: (1) length of delay in seeking intervention; (2) prejudicial impact  of such delay on the existing parties; (3) prejudice to the intervenor if intervention is denied; and (4) other factors affecting fairness in an individual case." *Conservancy of Southwest Fla.,* 2010 U.S. Dist. LEXIS 80274 at *5-6.

Since this Court previously ordered authorized Assurance to add indispensable parties as defendants but Assurance's interests are aligned with Alliance's, Assurance listed Alliance as a plaintiff when the Second Amended Complaint was filed on May 15, 2018.   *See* [D.E. 92]. Pending before this Court are motions to dismiss filed by Ballator, NPIS, Ride Solution and Brown & Riding.  While those motions have been pending no depositions have been scheduled and no written discovery has been propounded.  Permitting Alliance to intervene will therefore not delay the proceedings, require any deposition to be retaken or prejudice any party.  In the alternative, if Alliance is not permitted to litigate in this action as a plaintiff it will be prejudiced because Justin Williamson is seeking coverage from Alliance and Ride Solution has already asserted that Assurance lacks standing to litigate on Alliance's behalf.  As such, Alliance's application for intervention is timely and the most efficient method to resolve the coverage

disputes involving Alliance and Assurance.

### ii.      Alliance Has A Direct Interest In The Subject Of This Litigation

Turning to the second requirement, "[t]he Supreme Court of the United States has defined 'interest' under Rule 24 as a 'significantly protectable interest.'" *TIG Specialty Ins. Co.*, 208 F.R.D. at 337 (quoting *Donaldson v. U.S.*, 400 U.S. 517, 531 (1971)). "In determining the sufficiency of the interest, this Circuit requires that the intervenor 'must be at least a real party in interest in the transaction which is the subject of the proceeding' and 'must have a direct, substantial, legally protectable interest in the proceeding.'" *TIG Specialty Ins. Co.*, 208 F.R.D. at 337 (quoting *World v. Dept of Health & Rehabilitative Servs.*, 929 F.2d 591, 594 (11th Cir. 1991)). However, the Intervenors' interest does not have to "be of a legal nature identical to that of the claims asserted in the main action." *World*, 929 U.S. at 1214.

Here, it is clear that Alliance has a direct and substantial interest in this litigation. Peter Herron-Brown, who is an officer at NPIS, created without Alliance's knowledge or permission a fake proposal, fake binder and fake declaration page that misrepresented Alliance would provide coverage for the time period of June 1, 2014, to June 1, 2015. *See* [D.E. 92 at ¶¶23-25, 34 and 36-41]. *See also* Exhibits C, D, E, F and G. Relying on Peter Heron-Brown's misrepresentations about Alliance, Justin Williamson is seeking coverage under Alliance's policy and, as shown by Justin Williamson's answer to the Second Amended Complaint, has never conceded no coverage exists under Alliance's policy. *Compare* [D.E. 95, Pages 6 to 7] *with* [D.E. 99, Pages 17 to 18]. Without joining Alliance to this lawsuit, NPIS, Ballator and Brown & Riding might erroneously contend they have no liability to Assurance or Justin Williamson because coverage allegedly exists under Alliance's policy. It is also possible that if Alliance is unable to defend its interests that the Court will hold coverage exists under Alliance's policy. To rectify their misconceptions,

302360321V1 0964951

if Alliance is not permitted to litigate as a plaintiff in this action it will be forced to file a separate lawsuit that names Justin Williamson, Ride Solution, NPIS, Brown & Riding and Ballator as defendants and then seek to consolidate that action which this pending lawsuit.

### iii.    Great American's Interests Are Not Adequately Represented By The Existing Parties

In the Eleventh Circuit "[t]he proposed intervenors' burden to show that their interests may be inadequately represented is minimal." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993) (emphasis in original). "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Id.* Alliance acknowledges that throughout this litigation Assurance litigated on its behalf.  For example, Assurance's First Amended Complaint contained separate counts pertaining to Alliance's and Assurance's policies. *See generally* [D.E. 29, Pages 12 to 14].  When Ride Solution and Justin Williamson answered the First Amended Complaint they acknowledged a controversy existed regarding both policies. *Compare* [D.E. 29 at ¶¶ 49, 53, 57 and 60] *with* [D.E. 30 at ¶¶ 49, 53, 57 and 60] and [D.E. 31 at ¶¶49, 53, 57 and 60].  Assurance, Justin Williamson and Ride Solution subsequently took extensive discovery regarding the underwriting of the policies issued by Alliance and Assurance and what acts and omissions Peter Herron-Brown committed regarding each insurance company.

Relying on evidence obtained through discovery, Assurance's dispositive motion delineated the procedural history of each policy's binding, discussed Peter Herron-Brown's wrongful acts regarding each company and sought a declaration that no coverage existed under either policy.  *See* [D.E. 58, at ¶¶17-22, 26, 36, 38, 40 to 41 and Pages 16 to 25].  Attached as an

302360321V1 0964951

exhibit was an affidavit from the underwriter in charge of Ride Solution's account which stated the two entities were separate companies. *See* [D.E. 58-28, ¶¶5-6].

Until Ride Solution filed its response to Assurance's dispositive motion, Assurance and Alliance both believed the parties were also litigating whether coverage existed under Alliance's policy. However, Ride Solution's response to Assurance's dispositive motion asserted Assurance lacked standing to seek a declaration regarding Alliance. The Court has not yet ruled on the previously filed dispositive motions. However, Assurance's actions merely show Assurance has always treated Alliance as a separate entity and Alliance's and Assurance's interests are aligned. In light of Ride Solution's objection, Alliance has a reasonable belief that if Alliance is not a party to this litigation and the Court holds no coverage exists under Alliance's policy one or more of the defendants will appeal the Court's ruling based on Assurance's alleged lack of standing. To alleviate these concerns and Ride Solution's objections, Alliance should be permitted to prosecute its own interests as a plaintiff.

## B.      Alliance Satisfies The Requirements For Permissive Intervention

The Federal Rules of Civil Procedure provide for two types of intervention; intervention as a matter of right and permissive intervention. A party seeking permissive intervention pursuant to Federal Rule of Civil Procedure 24(b), "must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles*, 865 F.2d at 1213. For the reasons stated above, Alliance's request for intervention is timely. Regarding the requirement that there be common questions of law or fact, Alliance, like Assurance, wants to seek a declaration that there is no coverage under its policy for Justin Williamson's accident. Also like Assurance, Alliance contends it is entitled to indemnification from NPIS because of Peter Herron-Brown's acts and omissions before

8

Assurance's policy was bound and after Justin Williamson's accident occurred.  Finally, Alliance and Assurance both contend they are entitled to damages from Ballator and NPIS because of those entities negligence and Ballator's negligent supervision of Peter Herron-Brown since Ballator failed to prevent Peter Herron-Brown from creating the fake documents.  Alliance should consequently be permitted to intervene either under Federal Rule of Civil Procedure 24(a)(2) and 24(b)(2).

Respectfully Submitted,

HINSHAW & CULBERTSON LLP

/s/ MELISSA A. GILLINOV
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Melissa A. Gillinov
Florida Bar No. 11892
mgillinov@hinshawlaw.com
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, Florida 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Attorneys for Great American Assurance Company and Great American Alliance Insurance Company*

## CERTIFICATION UNDER LOCAL RULE 3.01

Prior to filing this Motion, counsel for Alliance conferred with all of the parties.  Justin Williamson and Assurance do not oppose the requested relief, Ballator's and NPIS's counsel oppose the relief requested, Brown & Riding stated it was unsure if it opposed the relief requested and Ride Solution is taking no position.

/s/MELISSA A. GILLINOV
Melissa A. Gillinov

9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 15, 2018, a true and correct copy of the foregoing was served via e-mail to all parties.

<u>/s/MELISSA A. GILLINOV</u>
Melissa A. Gillinov

302360321V1 0964951