# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

GREAT AMERICAN ASSURANCE
COMPANY, a foreign corporation,
GREAT AMERICAN ALLIANCE
INSURANCE COMPANY, a foreign
corporation,

    Plaintiffs,

v.

Case No. 3:16-cv-372-J-32JBT

JUSTIN WILLIAMSON, RIDE
SOLUTION, INC., BROWN &
RIDING INSURANCE SERVICES,
INC., NON-PROFIT INSURANCE
SERVICES, INC., and BALLATOR
INSURANCE GROUP,

    Defendants.

## **O R D E R**

This insurance coverage dispute is before the Court on three motions to dismiss the Second Amended Complaint, (Docs. 94, 96, 99), a motion to intervene (Doc. 119), a motion for leave to amend to add a plaintiff, (Doc. 120), and a motion to dismiss the cross-complaint, (Doc. 110).

**I. BACKGROUND**

On April 16, 2018, the Court ordered Great American Assurance Company, the plaintiff in this action, to file a second amended complaint adding Brown and Riding Insurance Services, Inc., Non-Profit Insurance Services, Inc. ("NPIS"), Ballator Insurance Group, and Florida Insurance Trust ("FIT") as defendants. (Doc. 91).[1] On May 15, 2018, Assurance filed the Second Amended Complaint, (Doc. 92), which added Great American Alliance Insurance Company as a plaintiff, and alleged thirteen counts against Justin Williamson, Ride Solution, Inc., Brown and Riding, NPIS, and Ballator. (Doc. 92). The Second Amended Complaint did not list FIT as a defendant. Assurance and Alliance allege in the Second Amended Complaint that Williamson's injuries are not covered under their respective policies (Counts I & IV), that Williamson's damages are precluded under the Assurance and Alliance policies because he received workers' compensation benefits (Counts II & V), that public policy excludes the loss under the Assurance policy (Count III), that NPIS should indemnify Assurance and Alliance under the Wrongful Acts Doctrine (Count VI), that NPIS was negligent (Count VII), that Ballator was negligent (Count VIII), that Ballator negligently supervised NPIS (Count IX), that Ballator should indemnify Assurance (Count X), that Brown and Riding should

---

[1] A more detailed description of the underlying facts and procedural history are recounted in that order.

2

indemnify Assurance (Counts XI & XII), and that Brown and Riding was negligent (Count XII).

Ride Solution, Brown and Riding, and NPIS and Ballator all moved to dismiss the Second Amended Complaint on the basis that Assurance improperly added Alliance as a Plaintiff and that FIT was not joined as a defendant as required by the Court's April 16, 2018 Order. (Docs. 94, 96, 99). Additionally, NPIS and Ballator contend that Counts VI–X fail to state a claim. (Doc. 99). After responding to the motions to dismiss, Assurance filed a Motion for Leave to Amend to Add Great American Alliance as a Plaintiff, (Doc. 120), and Alliance moved to intervene, (Doc. 119). Ballator, NPIS, Brown and Riding, and Ride Solution oppose both motions. (Docs. 124, 125, 126).

Williamson answered the Second Amended Complaint and alleged a counter-claim against Plaintiffs and cross-claims against NPIS, Ballator, and Brown and Riding. (Doc. 95). Pertinent to this Order, Williamson asserted claims for Negligence (Count VII) and Breach of Fiduciary Duty (Count VIII) against Brown and Riding, (Doc. 95 ¶¶ 101–12), which Brown and Riding moved to dismiss, (Doc. 110). Plaintiffs, NPIS, and Ballator answered the counter and cross-claims. (Docs. 103, 111, 112).

## II. DISCUSSION

### A. Alliance as a plaintiff

Whether Alliance should be allowed to remain a plaintiff is the subject of five separate pending motions. (Docs. 94, 96, 99, 119, 120). In response to adding Alliance as a plaintiff, Brown and Riding, Ride Solution, and NPIS and Ballator moved to dismiss the Second Amended Complaint because Assurance never received consent or court approval to add Alliance. (Docs. 94, 96, 99). After responding to the motions to dismiss, Assurance filed a Motion for Leave to Amend to Add Great American Alliance as a Plaintiff, (Doc. 120), and Alliance filed a Motion to Intervene, (Doc. 119).

Because more than twenty-one days elapsed since the filing of the original Complaint, Assurance is only permitted to amend its pleading with consent of the parties or with leave of court. Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15(a)(2) states: "The court should freely give leave when justice so requires." Id. Here, the Court directed Assurance to amend its complaint, but did not give it leave to add a plaintiff. (Doc. 91).

Federal Rule of Civil Procedure 24 governs intervention and provides for mandatory and permissive intervention. A court must permit intervention if a party timely files a motion and it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to

protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Additionally, a court may permit intervention for a party who timely files a motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In determining permissive joinder, the court must consider the undue delay and prejudice to the original parties. Fed. R. Civ. P. 24(b)(3).

Brown and Riding, Ride Solution, and NPIS and Ballator, claim that they will be prejudiced if Alliance is added as a plaintiff at this stage of the litigation. (Docs. 124, 125, 126). They assert that the motion to amend and the motion to intervene are untimely because Alliance and Assurance have known since the beginning of the litigation that Alliance should be a plaintiff. Additionally, they claim that prior depositions continually refer to "Great American" without further specificity and thus, each of those depositions will need to be redone to clarify to which entity the deponent was referring.

Although Assurance represented to the Court that it wanted to remain the sole plaintiff, (Doc. 90), and has known for a long time that Alliance should be made a plaintiff, all parties, including those newly added, were on notice that Alliance had pending claims in this case. (See Doc. 29 ¶¶ 47–60 (seeking declaratory judgment that no coverage existed under Alliance's policy)). Throughout this litigation, Assurance has referred to itself as "Great American" and has sought to litigate claims on behalf of Alliance. Ride Solution, in its

5

summary judgment motion, asserted that Assurance lacked standing to litigate claims for Alliance. (Doc. 62 at 9). Thus, at the very latest, Assurance knew on May 22, 2017 that Alliance should be added as a plaintiff. However, amendment should be granted when justice so requires. Fed. R. Civ. P. 15. Despite the late request, no party can claim surprise by adding Alliance at this stage of the litigation. Additionally, the Court is skeptical that all depositions will need to be redone because Alliance is now officially a plaintiff. At the time the depositions were taken, the operative complaint sought declarations concerning both Assurance's and Alliance's coverage. It makes sense that Alliance be a named plaintiff so all claims can be adjudicated in this action.

**B. FIT as a defendant**

When the Court held a hearing on October 27, 2017, the parties to the case were Justin Williamson, Assurance, and Ride Solution. At the hearing, it became apparent that NPIS and Brown and Riding were necessary parties, (Doc. 76), and the Court ordered briefing on how the parties should be aligned, (Doc. 79). In the briefing on this issue, several parties also recommended that FIT and Ballator be added. (See generally Docs. 86, 87, 88). The Court then ordered that Assurance would remain the plaintiff and would add NPIS, Brown and Riding, FIT, and Ballator as defendants. (Doc. 91). However, Assurance did not add FIT as a defendant in its Second Amended Complaint. (Doc. 92). Brown and Riding, Ride Solution, and NPIS and Ballator have moved to dismiss the

complaint on the basis that Assurance failed to abide by this Court's order. (Docs. 94, 96, 99).

Assurance states that it did not add FIT as a defendant because pursuant to Rule 11, it did not have a good faith basis to do so. (Docs. 104, 105, 106). This argument is unpersuasive. First, the Court would not order a party to do something and then sanction that party for its compliance. Second, Assurance, and now Alliance, seek declarations that Williamson is not covered under the Alliance policy—a policy in which FIT is the named insured, (Doc. 92 ¶ 17, 91–98; see also Doc. 29-1 at 1). Thus, although it is unclear whether the named insured is required to be a defendant in an action seeking declarations of non-coverage, it certainly is not sanctionable to include it. See Sparta Ins. Co. v. Poore, No. 1:13-CV-1692-VEH, 2013 WL 6243707, at *2 (N.D. Ala. Dec. 3, 2013) (stating that "courts have held in a variety of circumstances that not all insureds must be joined in a declaratory judgment action." (quoting Great W. Cas. Co. v. Firstfleet, Inc., CA 2:12–00623–KD–N, 2013 WL 4165715 (S.D. Ala. July 18, 2013)); S.-Owners Ins. Co. v. Search Auto. Techs., LLC, No. 9:12-CIV-80205-DLB, 2012 WL 13024102, at *3 (S.D. Fla. Sept. 4, 2012) (holding that the named insured must be joined even though they were not a defendant in the underlying action).

"When the court decides under Rule 19(a) that a person should be joined the court should direct the plaintiff to amend his complaint to add the person.

Failure to comply with such an order may result in dismissal of the plaintiff's action under Rule 41(b) FRCP for failure of a party to comply with an order of court." English v. Seaboard Coast Line R.R., 465 F.2d 43, 47–48 (5th Cir. 1972) (footnotes omitted). However, dismissal is not appropriate in this circumstance, and FIT shall be added as a defendant.

### C. Plaintiffs' claims against NPIS and Ballator

NPIS and Ballator seek dismissal of all claims against them for failing to state claims upon which relief can be granted. (Doc. 99 at 3–4). Count VI alleges that Assurance and Alliance are entitled to Indemnification by NPIS under the Wrongful Acts Doctrine. (Doc. 92 ¶¶ 99–103). Count VII alleges negligence against NPIS, Count VIII alleges negligence by Ballator, Count IX alleges negligent supervision by Ballator, and Count X alleges that Assurance is entitled to common law indemnification from Ballator. (Doc. 92 ¶¶ 99–131).

#### 1. The indemnification counts should be dismissed.

NPIS and Ballator assert that Counts VI and X should be dismissed because Plaintiffs failed to allege the basic elements of an indemnification claim and the claims have not accrued. (Doc. 99 at 8–9). However, only Count X is at issue because Plaintiffs concede that the Wrongful Acts Doctrine does not provide a separate cause of action. (Doc. 120 at 3).

> In order to properly plead a cause of action for common law indemnity, the party seeking indemnity must allege in his complaint 1) that he is wholly without fault; 2) that the party from

8

> whom he is seeking indemnity is at fault; and 3) that he is liable to the injured party only because he is vicariously, constructively, derivatively, or technically liable for the wrongful acts of the party from whom he is seeking indemnity.

Fla. Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am., 763 So. 2d 429, 435 (Fla. 5th DCA 2000).

Assurance alleges that it is without fault, (Doc. 92 ¶ 130), and that any liability it has will be because of the negligence of NPIS, Ballator, or Brown and Riding. (Doc. 92 ¶¶ 29, 109, 119). Additionally, Plaintiffs allege that any liability they face is proximately caused by NPIS and Ballator's negligence. (Doc. 92 ¶¶ 22–29). However, Plaintiffs' indemnification claims fail. Assurance is only seeking indemnification in the event Williamson is able to recover under the insurance policy. (Doc. 92 ¶ 131). However, if the Court determines that coverage was in place, it would be irrespective of NPIS and Ballator's negligence. NPIS and Ballator are not Assurance's agents, thus, their alleged misrepresentations cannot bind Assurance into coverage. See Kolodziej v. Mason, 774 F.3d 736, 741 (11th Cir. 2014). Therefore, if Assurance is required to pay Williamson under the insurance contract, such contractual liability would result from something other than NPIS or Ballator's negligence—making indemnification inappropriate. See Seitlin & Co. v. Phoenix Ins. Co., 650 So. 2d 624, 627 (Fla. 3d DCA 1994).

2. <u>Whether Plaintiffs sufficiently alleged negligence against NPIS and Ballator.</u>

NPIS and Ballator argue that Counts VII and VIII fail to sufficiently allege legal duties and proximate causation. (Doc. 99 at 9). The Second Amended Complaint states that NPIS had an "obligation to complete [its] work in a professional manner." (Doc. 92 ¶ 105). NPIS and Ballator assert that a special relationship is needed for such a duty to be imposed upon them. (Doc. 99 at 12). Plaintiffs contend that a reasonable person in NPIS or Ballator's position would or should have known that their actions created a foreseeable zone of risk posing a threat to someone in Plaintiffs' position. (Doc. 105 at 14).

To sustain a claim of negligence, Plaintiffs must allege: (1) a duty; (2) breach of that duty; (3) causation; and (4) damages. <u>Virgilio v. Ryland Grp., Inc.</u>, 680 F.3d 1329, 1339 (11th Cir. 2012) (citing <u>Curd v. Mosaic Fertilizer, L.L.C.</u>, 39 So. 3d 1216, 1227 (Fla. 2010)). "Establishing the existence of a duty under Florida's negligence law is a minimum threshold legal requirement that opens the courthouse doors, and is ultimately a question of law for the court rather than a jury." <u>Id.</u> (alterations adopted) (quotation marks omitted) (quoting <u>Williams v. Davis</u>, 974 So. 2d 1052, 1057 n. 2 (Fla. 2007)).

"Florida, like other jurisdictions, recognizes that a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others." <u>McCain v. Fla. Power Corp.</u>, 593 So. 2d 500, 503 (Fla. 1992).

> The statute books and case law, in other words, are not required to catalog and expressly proscribe every conceivable risk in order for it to give rise to a duty of care. Rather, each defendant who creates a risk is required to exercise prudent foresight whenever others may be injured as a result. This requirement of reasonable, general foresight is the core of the duty element.

Id. However, the foreseeable zone of risk standard is more likely to impose a duty when the plaintiff has suffered personal or property damage. Virgilio, 680 F.3d at 1339. "Where the plaintiff seeks only the recovery of an economic loss, the duty element of negligence law serves as an important barrier to over-extension of liability." Id.

Although the duty element can limit liability in situations where a plaintiff only seeks economic damages, the unique facts of this case warrant imposing a duty here. Although Plaintiffs allege that NPIS had a duty to "complete their work in a professional manner," (Doc. 92 ¶ 105), this is not a professional negligence case. However, NPIS's conduct, based on the facts alleged, is wrong. The law cannot allow a party to lie about whether an insurance company, with which it has no relationship, agreed to provide coverage and then claim that they had no duty to that insurance company. Thus, by allegedly falsely informing Ride Solution that Alliance had renewed coverage for a year, NPIS, and by extension Ballator, created a zone of risk that reasonably and foreseeably could result in harm to the insurers. See id.; McCain, 593 So. 2d at 503.

NPIS and Ballator next contend that Plaintiffs' negligence claims fail because they cannot prove that any alleged negligence caused Plaintiffs' damages. (Doc. 99 at 13–14). NPIS and Ballator argue that if Williamson is entitled to coverage from either Alliance or Assurance, such coverage would be the result of their contractual obligations. Id. Additionally, NPIS and Ballator assert that Plaintiffs cannot claim attorneys' fees because they initiated the action and are not defending against wrongful claims on account of NPIS and Ballator's alleged negligence. Id. In response, Plaintiffs state that they incurred costs as a result of NPIS and Ballator's negligence prior to the initiation of the lawsuit. (Doc. 105 at 16–17). Although NPIS and Ballator cannot be responsible for costs related to contractual liability, at this stage of the proceedings Plaintiffs sufficiently allege that they incurred costs related to Williamson filing a claim because of NPIS and Ballator's negligence. (Doc. 92 ¶ 110–11, 119–20).

   3. <u>Whether Plaintiffs sufficiently alleged a claim for negligent supervision against Ballator.</u>[2]

"Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further

---

[2] Ballator is alleged to be NPIS' parent.

actions . . . ." Acts Ret.-Life Communities Inc. v. Estate of Zimmer, 206 So. 3d 112, 114 (Fla. 4th DCA 2016) (quotation marks omitted) (quoting Dep't of Envtl. Prot. v. Hardy, 907 So.2d 655, 660 (Fla. 5th DCA 2005)). The employee's underlying wrong must be a tort and it must be committed outside the scope of his employment. Id. see also Thomas v. City of Jacksonville, No. 3:13-CV-737-J-32MCR, 2017 WL 3316478, at *10 (M.D. Fla. Aug. 3, 2017), aff'd, 731 F. App'x 877 (11th Cir. 2018); Santillana v. Fla. State Court Sys., No. 609CV-2095-ORL-19KRS, 2010 WL 271433, at *11 (M.D. Fla. Jan. 15, 2010).

Here, Plaintiffs failed to allege that Peter Herron-Brown, the NPIS employee who made the alleged misrepresentations to Ride Solution, acted outside the scope of his employment. See Santillana v, 2010 WL 271433, at *11; Estate of Zimmer, 206 So. 3d at 114. Accordingly, Plaintiffs' negligent supervision claim must be dismissed.[3]

---

[3] Even if such allegation was made, the Court is skeptical that Plaintiffs could allege a duty. "In the context of a claim of negligent supervision, 'an employer has a legal duty arising out of the relationship between the employment in question and the plaintiff . . . if he or she is in the zone of foreseeable risks created by the employment.'" Santillana v, 2010 WL 271433, at *11 (quoting Storm v. Town of Ponce Inlet, 866 So.2d 713, 717 (Fla. 5th DCA 2004)). Thus, the issue is whether Assurance and Alliance were in the zone of foreseeable risks created by NPIS' "employment" with Ballator. Id. Assuming that NPIS was Ballator's employee, Plaintiffs cannot show that the employment relationship created the foreseeable zone of risk—it was the alleged misrepresentations that created the zone of risk.

13

**D. Williamson's cross-claims against Brown and Riding**

Williamson filed cross-claims against Brown and Riding for Negligence (Count VII) and Breach of Fiduciary Duty (Count VIII). (Doc. 95 ¶¶ 101–12). Brown and Riding moved to dismiss Williamson's cross-claims on the basis that FIT exceeded its statutory authority and therefore Brown and Riding was not obligated to provide insurance, and that Williamson failed to allege a duty for its breach of fiduciary duty and negligence claims. (Doc. 110).

Brown and Riding makes several arguments relating to Ride Solution's ability to procure its own insurance independent from FIT. (Doc. 110). However, Brown and Riding's arguments rely on facts that are either not in the complaint or lack citations to the record. As such, these arguments can be raised on summary judgment, but will not be relied upon here.

Additionally, Brown and Riding asserts it owed no duty to Williamson or Ride Solution and therefore it cannot be liable for negligence or breach of fiduciary duty. (Doc. 110 at 14–16). However, an injured third-party, such as Williamson, can recover against an insurance agent for negligently failing to provide insurance. See Mudano v. Frenkel & Co., 489 So. 2d 1184, 1184 (Fla. 2d DCA 1986); see also JPMorgan Chase Bank, N.A. v. P.I.E. Mortg., Inc., No. 09-61261-CIV, 2010 WL 11505258, at *5 (S.D. Fla. May 18, 2010) (stating that privity is not required to state a breach of fiduciary duty claim), report and recommendation adopted, No. 09-61261-CIV, 2010 WL 11506062 (S.D. Fla.

June 7, 2010). The cross-claim sufficiently states claims for negligence and breach of fiduciary duty against Brown and Riding. (Doc. 95 ¶¶ 101–08); see Virgilio, 680 F.3d at 1339 (stating the elements of negligence); P.I.E. Mortg., 2010 WL 11505258, at *5 (listing the elements for a breach of fiduciary duty claim).

Accordingly, it is hereby

**ORDERED:**

1. Defendants NPIS and Ballator's Motion to Dismiss Plaintiffs' Second Amended Complaint, (Doc. 99), is **GRANTED in part and DENIED in part**.

   a. Counts VI (Indemnification by NPIS under the Wrongful Acts Doctrine), IX (Negligent Supervision by Ballator), and X (Common Law Indemnification by Ballator) of the Second Amended Complaint are **DISMISSED with prejudice**.

   b. Alliance shall remain a plaintiff.

   c. FIT shall be added as a defendant.

2. Ride Solution's Motion to Dismiss Second Amended Complaint, (Doc. 94), is **DENIED**.

3. Brown and Riding's Motion to Dismiss Great American's Second Amended Complaint, (Doc. 96), is **DENIED**.

4. Alliance's Motion to Intervene, (Doc. 119), is **DENIED as moot**.

5. Assurance's Motion For Leave to Amend to Add Great American Alliance as a Plaintiff, (Doc. 120), is **DENIED as moot**.

6. Brown and Riding's Motion to Dismiss Williamson's Cross-Complaint (Doc. 110) is **DENIED**.

7. Not later than **January 23, 2019**, Plaintiffs shall file a Third Amended Complaint that adds Florida Insurance Trust as a Defendant and does not allege Indemnification under the Wrongful Acts Doctrine (currently Count VI), Negligent Supervision by Ballator (currently Count IX), and Indemnification from Ballator (currently Count X). Additionally, the attached exhibits shall not be filed in parts, and shall be filed in the correct order with all pages oriented in the same direction.[4] In all other respects, the Third Amended Complaint shall remain identical to the Second Amended Complaint.

8. After filing the Third Amended Complaint, Assurance and Alliance shall promptly serve it on FIT along with a copy of this Order.

9. Not later than **February 8, 2019**, Williamson, Ride Solution, Brown and Riding, NPIS, and Ballator shall answer the Third Amended Complaint.[5]

---

[4] For example, Exhibit B to the Second Amended Complaint is in three parts and contains pages that are upside down. For the Third Amended Complaint, that exhibit shall be filed as a single attachment with all pages in order and in the same direction—like it was for the Amended Complaint. (See Doc. 29-1). Counsel shall contact the clerk if they have questions.

[5] Because the Third Amended Complaint is, for all practical purposes, going to

10. Not later than **February 22, 2019**, those same parties, and Plaintiffs, shall respond to any counterclaims or crossclaims.

11. Brown and Riding's Partially Unopposed Motion for Scheduling Conference or, in the Alternative, to Amend the Scheduling Order (Doc. 135) is **GRANTED in part**. The Case Management Scheduling Order, (Doc. 113), is modified as follows:

   a. Plaintiffs' Disclosure of Expert Reports – **April 8, 2019**

   b. Defendants' Disclosure of Expert Reports – **May 8, 2019**

   c. Discovery Deadline – **July 1, 2019**

   d. Dispositive and <u>Daubert</u> Motions Deadline – **August 1, 2019**

   e. Responses to Dispositive and <u>Daubert</u> Motions – **August 22, 2019**

   f. All other Motions including Motions in Limine – **January 13, 2020**

   g. Filing of Pretrial Statement – **January 13, 2020**

   h. Final Pretrial Conference – **January 23, 2020 at 10:00 a.m.**

   i. Trial Term Begins – **February 3, 2020 at 9:00 a.m.**

   j. In all other respects, the parties shall continue to be governed by the terms of the Court's July 25, 2016 Case Management Scheduling Order (Doc. 26), as amended in by the Court's July 17, 2018 Scheduling Order, (Doc. 113).

---

remain identical to the Second Amended Complaint, further motions to dismiss from the current parties are unnecessary.

12. Now that the underlying case has been resolved, and a damages amount determined, the parties may find mediation more fruitful. Thus, not later than **February 8, 2019**, the parties shall provide a joint notice to the Court advising whether further mediation would be beneficial.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of December, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:

Counsel of record